UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS PALM, No. 13236-026,

                Petitioner,                Case Number 11-10957
                                                Honorable John Corbett O'Meara

v.

J.S. WALTON,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C § 2241**

Petitioner Francis Palm is a federal inmate who has filed a pro se habeas corpus petition under 28 U.S.C. § 2241. Petitioner challenges an administrative decision rendering him ineligible to reduce his sentence under 18 U.S.C. §3621(e) if he successfully completes a substance abuse program. The Court finds no merit in Petitioner's claims. Therefore, his habeas petition will be denied.

I. Background

Petitioner is confined at the Federal Correctional Institution (FCI), Milan, Michigan. He was sentenced on June 1, 2004, by the United States District Court for the Central District of Illinois to a 223-month term of imprisonment and ten years' supervised release for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1)(A)(1). His sentence was subsequently reduced on March 30, 2006, to a 127-month term of imprisonment and ten years' supervised release pursuant to Fed. R. Crim. P. 35(b).

On March 22, 2010, Palm was interviewed for the Bureau of Prisons' (BOP) Residential Drug Abuse Treatment Program (RDAP). However, the Designation and Sentence Computation

Center (DSCC) legal staff determined that Palm was ineligible for the early release benefit under 18 U.S.C. §3621(e) for completing the RDAP because his guideline offense level included a three-point special offense characteristic enhancement for creating a substantial risk of harm to human life during the manufacture of methamphetamine. Despite the finding that he was ineligible for early release, Palm began participating in the unit-based portion of the RDAP at FCI Milan.

In April 2010, Palm began filing requests for an administrative remedy. He challenged the finding that his sentencing enhancement made him ineligible for early release consideration and asserted that his co-defendants were considered eligible for early release despite also receiving the same enhancement. In May 2010, Palm filed a request for administrative remedy with the Warden, but it h was denied on May 14, 2010. Palm appealed the denial of his request to the North Central Regional Office, but this appeal was denied. Palm then appealed to the National Inmate Appeals Coordinator, and his appeal was denied on January 25, 2011. Palm filed this habeas petition on March 10, 2011, raising two claims:

> I. Petitioner's Fourteenth Amendment equal protection rights and Fifth Amendment due process rights were violated by the Bureau of Prisons where Petitioner is being treated differently than other similarly situated inmates without a rational basis for the distinct treatment.

> II. Petitioner's Fifth Amendment due process rights are being violated by the Bureau of Prisons because it cannot treat sentence enhancements or sentencing factors as if they were convictions to convert a non-violent offense into a violent one.

Discussion

Petitioner makes two basic allegations. First, he asserts that in violation of equal protection his co-defendants were allowed to pursue sentence reductions for completing RDAP but he was not. Second, he asserts that the BOP erroneously used a sentencing factor to determine that his offense was a violent one rendering him ineligible for a sentence reduction for completing RDAP. Neither

contention has merit.

Pursuant to 18 U.S.C. Section 3621(b), the BOP must provide drug abuse treatment programs for its prisoners who the Bureau determines have "a treatable condition of substance addition or abuse." 18 U.S.C. § 3621(b). To encourage prisoners to participate in such programs, Congress authorized the BOP to reduce the sentences, up to one year, of prisoners with non-violence offenses, who have successfully completed the RDAP. 18 U.S.C. § 3621(e)(2)(B). Specifically, Section 3621(e)(2)(B) provides:

> The period of a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Because Section 3621(e) does not define a "nonviolent offense," and does not set criteria for eligibility for early release, the BOP promulgated regulations to implement the statute. Title 28 C.F.R. Section 550.55 provides, in part, that inmates whose current felony offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release. 28 C.F.R. § 550.55(b)(5)(ii) and (iii).

Petitioner was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841 (a)(1). In his PSR, Petitioner was assessed a three point SOC enhancement for creating a substantial risk of harm to human beings during the manufacture of methamphetamine. "The dangers of methamphetamine laboratories to human life are well-documented." *United States v. Howell*, 201 Fed. Appx. 948, 949 (4th Cir. 2006). Therefore, the BOP did not err in concluding

3

that the manufacturing of methamphetamine posed a cognizable danger, and rendered Petitioner ineligible for sentence reduction under Section 3621(e).

The BOP's regulations are a reasonable and permissible interpretation of the statute. Because Congress failed to define 'a nonviolent offense' for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55 represents a reasonable interpretation of the statute. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844-45 (1984)). However, if the agency's regulatory action is not subject to the Administrative Procedures Act ("APA"), its interpretation is only "entitled to some deference." *Reno v. Koray*, 515 U.S. 50, 61 (1995).

The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA, and it is therefore entitled to substantial deference. The BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may only reduce the sentence of inmates convicted of a nonviolent offenses. The BOP reasonably construed this limitation to exclude inmates who received a sentence enhancement for creating a substantial risk to human life in connection with the commission of a drug offense. Because the BOP's interpretation of Section 3621(e) is reasonable and permissible, Petitioner's claim is without merit.

Moreover, Petitioner had no constitutional right, as he claims, to a sentence reduction under Section 3621(e). In order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. That is, Petitioner must show either (1) that

he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). But Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated or to be conditionally released before the expiration of a valid sentence. *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)). And neither Section 3621(e) nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion. Accordingly, there is no basis on which a protected liberty interest in early release can be founded. Therefore, Petitioner does not possess a constitutionally protected expectation interest in early release.

Lastly, Petitioner has failed to demonstrate an infringement of his equal protection rights. In order to state an equal protection claim based on discriminatory acts, a petitioner must allege that a state actor intentionally discriminated against him because of his membership in a protected class. *King v. Caruso*, 542 F.Supp.2d 703, 727 (E.D. Mich. 2008) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990)). "'[U]nless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest.'" *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (quoting *City of New Orleans v. Dukes*, 427 U.S. 297 (1976)). Prisoners are not considered members of a protected class. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Accordingly, Petitioner cannot sustain an equal protection claim based on the allegation that is co-defendants received sentencing credit but he did not.

5

Conclusion

The Court concludes that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date:  January 9, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 9, 2013, using the ECF system and/or ordinary mail.

                                          s/William Barkholz
                                          Case Manager